IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANKIE LEVI COLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 4:06cv3314 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on (1) filing nos. 2-8, 11, 88 and 91, the Motions for Leave to Proceed In Forma Pauperis ("IFP") filed by Mr. Cole, Mr. McSwine, Mr. Cash, Mr. Patterson, Mr. Crawford, Mr. Anderson, Mr. Bringus, Mr. Buggs, Mr. Jones and Mr. Myers; (2) filing nos. 79-81, 83, 84, 86, 94 and 95, the Motions to Withdraw filed by Mr. Dixon, Mr. Anderson, Mr. Crawford, Mr. Patterson, Mr. Cash, Mr. McSwine, Mr. Dean and Mr. Buggs; (3) filing no. 87, the Motion for Recusal filed by Mr. Cole and Mr. McSwine; (4) filing no. 89, the Motion to Strike filed by Mr. Cole; (5) filing no. 90, the Motion to Stay filed by Mr. Cole and Mr. McSwine; and (6) filing no. 93, the Motion to Stay filed by Mr. Cole and Mr. Buggs.

As a preliminary matter, Mr. Cole makes the valid point in his Motion to Strike (filing no. 89), that an error in the caption appears in filing no. 46, the court's Memorandum and Order of January 10, 2007. The court will not strike that Memorandum and Order, despite Mr. Cole's request, because, among other reasons, the order granted rights and options to the plaintiffs. Nevertheless, the error is noted, and the caption has been corrected for subsequent orders beginning with this one.

In their Motion for Recusal (filing no. 87), Mr. Cole and Mr. McSwine presume judicial bias, prejudice and conflicts of interest based on the previous employment of the

1

undersigned judge. However, there is no basis in law or fact for the requested recusal, and filing no. 87 is denied.

Next, the Motions to Withdraw filed by Mr. Dixon, Mr. Anderson, Mr. Crawford, Mr. Patterson, Mr. Cash, Mr. McSwine, Mr. Dean and Mr. Buggs (filing nos. 79-81, 83, 84, 86 and 94 and 95) are granted. Those persons are not plaintiffs in this case. The Motions for Leave to Proceed IFP filed by Mr. McSwine (filing no. 3), Mr. Cash (filing no. 4), Mr. Patterson (filing no. 5), Mr. Crawford (filing no. 6), Mr. Anderson (filing no. 7), and Mr. Buggs (filing no. 11) are denied. No Prisoner Payment Orders will be entered as to those individuals.

In the Motions to Stay (filing nos. 90 and 93), Mr. Cole and two other plaintiffs protest the decision by the judges of this district that multiple prisoners joined as co-plaintiffs in one civil action may not prorate the filing fee and, instead, must each pay a separate entire filing fee. There is indeed some inconsistency in the Prison Litigation Reform Act ("PLRA") and case law over that issue. For example, 28 U.S.C. § 1915(b)(1) requires each prisoner to pay a full filing fee: "... if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." However, 28 U.S.C. § 1915(b)(3) precludes the court from collecting more than one filing fee per case: "In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment."

The Eleventh U.S. Circuit Court of Appeals has resolved that apparent conflict by precluding joinder of prisoners as co-plaintiffs in civil litigation. Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). As a result, each

prisoner in the Eleventh Circuit pays a full filing fee, and the court collects only one fee. On the other hand, in the belief that Congress never addressed the issue, the Sixth Circuit simply permits joinder to continue, even for prisoners, and allows prisoners to prorate the filing fee. In re Prison Litigation Reform Act, 105 F.3d 1131, 1137-38 (6th Cir. 1997). The Seventh Circuit allows joinder of prisoner plaintiffs but requires a separate filing fee from each, notwithstanding the collection of multiple fees per case. Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004).[1] The judges of this district have decided to follow the lead of the Seventh Circuit until the Eighth Circuit Court of Appeals addresses the issue. Therefore, the plaintiff's Motions to Stay (filing nos. 90 and 93) are denied.

As a consequence of the foregoing decisions, the following persons are the only plaintiffs who remain in this case: Frankie Levi Cole (# 49081), James Myers (# 51328), Marvel Jones (# 49478) and Rickey Bringus (# 53517). Those individuals have signed the complaint, as required by Fed. R. Civ. P. 11(a). Their names appear in the caption of the complaint, as required by Fed. R. Civ. P. 10(a). Each has filed a Motion for Leave to Proceed IFP, and none has filed a Motion to Withdraw. The Clerk of Court shall terminate all other named plaintiffs as parties from the CM/ECF docket for this case.

The Motions for Leave to Proceed IFP filed by Mr. Cole (filing no. 2), Mr. Bringus (filing no. 8), Mr. Jones (filing no. 88) and Mr. Myers (filing no. 91) are granted. Prisoner Payment Orders will issue by separate orders of the court.

The four plaintiffs must now amend the complaint to assert only their own claims,

---

[1] The Seventh Circuit also advised the district courts within that Circuit to notify prisoner co-plaintiffs that fee-splitting is not permitting and that joinder entails risks, and to give prisoner co-plaintiffs an opportunity to drop out at an early stage of the case. Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004).

as pro se parties may not assert the claims of others. Although all co-plaintiffs must sign the operative Amended Complaint, any one of them may draft the document and otherwise act as "lead" plaintiff for purposes of completing summons forms and the like.[2] The additional plaintiffs may sign the Amended Complaint in counterpart (i.e., by affixing an original signature to a copy of the Amended Complaint) or otherwise, e.g., by sending in a signed signature page identifiable as a signature page to the Amended Complaint.[3]

THEREFORE, IT IS ORDERED:

1.  That the Motions for Leave to Proceed IFP filed by Mr. Cole (filing no. 2), Mr. Bringus (filing no. 8), Mr. Jones (filing no. 88), and Mr. Myers (filing no. 91) are granted; Prisoner Payment Orders will issue by separate orders of the court;

2.  That the Motions for Leave to Proceed IFP filed by Mr. McSwine (filing no. 3), Mr. Cash (filing no. 4), Mr. Patterson (filing no. 5), Mr. Crawford (filing no. 6), Mr. Anderson (filing no. 7), and Mr. Buggs (filing no. 11) are denied; no Prisoner Payment Orders will be entered as to those individuals;

3.  That all Motions to Withdraw are granted (i.e., filing nos. 79-81, 83, 84, 86, 94 and 95);

---

[2]All plaintiffs will receive copies of orders from the court and of communications from defendants. However, the court will assume, based on the record thus far, and unless informed to the contrary, that Mr. Cole has taken on the role of the "lead" plaintiff to whom forms for service of process should be sent to be completed and returned to the court. Therefore, once the Prisoner Payment Orders have issued and at least one initial partial filing fee has been paid, the court will conduct initial review, send forms to Mr. Cole and order service of process by the U.S. Marshal. By that time, an Amended Complaint should have been filed.

[3]While a document may be a photocopy, a signature may not. The Clerk of Court issues a Notice of Deficiency when an original signature is absent from a filing. It is then possible that the document could be stricken from the record if the deficiency is not cured.

    4.       That the Motion for Recusal (filing no. 87) is denied;

    5.       That the Motion to Strike (filing no. 89) is denied, but the error brought to the court's attention has been corrected;

    6.       That the Motions to Stay (filing nos. 90 and 93) are denied;

    7.       That the only remaining plaintiffs are Frankie Levi Cole (# 49081), James Myers (# 51328), Marvel Jones (# 49478) and Rickey Bringus (# 53517), and the Clerk of Court shall terminate all other named plaintiffs as parties from the CM/ECF docket for this case;

    8.       That, by April 30, 2007, the four remaining plaintiffs shall file an Amended Complaint asserting only their own claims; and the original signatures of all co-plaintiffs shall be affixed (a) to the Amended Complaint or (b) to counterparts of the Amended Complaint or (c) to signed signature pages identifiable as signature pages to the Amended Complaint.

    DATED this 30th day of March, 2007.

                                       BY THE COURT:

                                       s/ Laurie Smith Camp
                                       United States District Judge