IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANKIE LEVI COLE, and<br>MARVEL JONES, | )<br>)<br>) | CASE NO. 4:06CV3314 |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | MEMORANDUM<br>AND ORDER |
| ROBERT HOUSTON, FRANCIS<br>BRITTEN, MICHELLE HILLMAN,<br>JANSSEN WILLIAMS, Dr., and<br>CORRECT CARE SOLUTIONS, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

This matter is before the court on the court's Order to Show Cause (Filing No. 109), plaintiff, Frankie Levi Cole's response to the court's Order to Show Cause (Filing No. 111), plaintiff, Marvel Jones's, Motion for Extension of Time (Filing No. 104), and plaintiff, Frankie Levi Cole's, Motion for Extension of Time (Filing No. 106).

**Show Cause Order**

On August 6, 2007, this court issued an order instructing the plaintiff, Frankie Cole, to show cause stating any reason why he should not be dismissed as a plaintiff in this action in accordance with 28 U.S.C. § 1915(g), or in the alternative to pay the full $350.00 filing fee. In the plaintiff's response to the court's order, he does not contest that he is ineligible for In Forma Pauperis ("IFP") status based on the three strikes provision of § 1915(g); rather, plaintiff asserts that he should be exempted from the 3 strikes provision because he is facing imminent danger of serious physical injury based on adverse cell assignments and the denial of medical treatment.

Section 1915(g) provides that, even if a prisoner has exhausted his three strikes, he will be permitted to proceed IFP if he is under imminent danger of serious physical injury. The Eighth Circuit has held that an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of filing his Complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* "Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley*, 147 F.3d at 717; and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

Here, plaintiff, Cole, asserts that he is in imminent danger of serious physical injury because: (1) in 1998 while incarcerated at the Nebraska State Penitentiary he was assigned a cell-mate that smoked and destroyed his property; (2) since plaintiff's transfer to Tecumseh State Correctional Institution in 2001 he has been physically attacked by a prison inmate and has been placed in cells with inmates incarcerated for violent crimes; (3) prison officials did not advise plaintiff of the availability of treatment for Hepatitis C; (4) prison officials have denied plaintiff proper cleaning materials; and (5) prison officials have placed plaintiff in cells with inmates that have contagious diseases.

Plaintiff's allegations do not satisfy the imminent-danger-of-serious-physical-injury standard. The plaintiff's allegations of physical abuse by cell-mates focuses on past abuse. Indeed, rather than alleging specific facts evidencing the likelihood of on-going imminent serious physical injury, plaintiff merely seeks a remedy for past misconduct by cell-mates. Furthermore, plaintiff's allegations that he was denied information concerning Hepatitis C treatment, has been placed in cells with inmates who have contagious diseases, and has been denied cleaning materials do not allege specific facts that indicate plaintiff is currently suffering physical injury or facing future injury. In plaintiff's Complaint, and his response to the show cause order, he has not indicated that he has contracted Hepatitis C, nor has he alleged that he is currently suffering from any on-going medical illness due to his cell placements. Furthermore, a review of the attachments to the Complaint show that plaintiff's medical complaints to the institution consist of requests for Visine due to irritated eyes, excessive noise and flooding, and a lack of sunlight.

Therefore, because the court concludes that plaintiff Cole has failed to provide the court with specific fact allegations of ongoing serious physical injury, or of a pattern of

3

misconduct evidencing the likelihood of imminent serious physical injury, plaintiff cannot be permitted to proceed IFP pursuant to 28 U.S.C. § 1915(g). Accordingly, because plaintiff Cole has not paid the full $350.00 filing fee he is dismissed as a plaintiff in this action.

### Extension of Time

The remaining plaintiff in this action, Marvel Jones, shall have until September 17, 2007, to file an Amended Complaint asserting only his claims.

IT IS ORDERED:

1. That the plaintiff Frankie Levi Cole, is dismissed as a plaintiff to this action;

2. Plaintiff Cole's Motion for Extension of Time (Filing No. 106) is denied as moot;

3. Plaintiff, Marvel Jones's, Motion for Extension of Time (Filing No. 104) is granted. Plaintiff Jones shall have until September 17, 2007 to file an Amended Complaint asserting only his claims; and

4. The Clerk of court is directed to set a pro se case management deadline stating: Amended Complaint due September 17, 2007.

DATED this 30th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge