## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVEL JONES, | ) | CASE NO. 4:06CV3314 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| FRANCIS BRITTEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion for Notice of Appeal (Filing No. 118), Motion for Leave to Proceed In Forma Pauperis ("IFP") on Appeal (Filing No. 119) and Response to Memorandum and Order to Show Cause (Filing No. 121).

In his Motion for Notice of Appeal, Plaintiff seeks to appeal the court's November 2, 2007 Memorandum and Order.  (Filing No. 114.)  However, the November 2, 2007, Memorandum and Order was not a final order, and Plaintiff's Motion is therefore construed as a request to proceed with an interlocutory appeal.  As set forth in 28 U.S.C. § 1292(b), an interlocutory appeal is warranted if the decision sought to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation.  28 U.S.C. §1292(b).

Here, no such "controlling question of law" is implicated.  The court's November 2, 2007 Order does not involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation.  In fact, the appeal would only delay the progression of the proceedings, which are already delayed due to Plaintiff's failure to serve the remaining Defendant.  Therefore, there is no reason why the present appeal should

proceed prior to entry of a final judgment in this matter.  For these reasons, Plaintiff's Motion for Notice of Appeal is denied and Plaintiff's Motion for Leave to Proceed IFP on Appeal is denied as moot.

Plaintiff also filed a Response to the court's January 3, 2008 Memorandum and Order.  As set forth in that Order, Plaintiff had until December 15, 2007, to serve the only remaining Defendant, Francis Britten, but failed to effect service by that date.   (Filing No. 117.)  Plaintiff was given until February 4, 2008, to apprise the court of the reasons for Plaintiff's failure to serve Defendant.  (*Id.*)  In his response, Plaintiff states that he did not receive the summons and USM-285 forms and therefore could not serve Defendant. (Filing No. 121.)  Although the court finds Plaintiff's claims specious, particularly given that Plaintiff had more than three months to inform the court of the "missing" forms, the court will permit Plaintiff an additional 30 days in which to serve Defendant Britten.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion for Notice of Appeal (Filing No. 118), construed as a motion for interlocutory appeal is denied;

2.      Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal (Filing No. 119) is denied as moot;

3.      Plaintiff shall have 30 days, or until April 7, 2008, to complete service of process on Defendant Britten.  **Failure to serve Defendant Britten by this date will result in dismissal of this matter without further notice;**

4.      The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: April 7, 2008: Check for service of process on remaining Defendant and dismiss if not served;

5.      To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms (for service on Defendant in both his individual and official capacities) to Plaintiff together with

2

a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

6.     Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Amended Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

7.     A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint; and

8.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 7th day of March, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

3