# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVEL JONES, ) | CASE NO. 4:06CV3314 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| FRANCIS BRITTEN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Francis Britten's ("Britten") Motion to Dismiss. (Filing No. 129.) Defendant filed a Brief in Support of his Motion (Filing No. 130) and Plaintiff filed an Objection and Memorandum Brief in opposition to the Motion (Filing Nos. 131 and 132). As set forth below, the Motion to Dismiss is granted.

## *BACKGROUND*

Plaintiff filed his Amended Complaint in this matter on September 19, 2007. (Filing No. 113.)[1] The court thereafter conducted an initial review of the Amended Complaint. (Filing No. 114.) In its initial review, the court dismissed all Defendants except Britten, who is the Warden of the Tecumseh State Correctional Institution ("TSCI"). (Id. at CM/ECF pp. 2-3; 20-22.) The court also dismissed numerous claims against Britten, leaving only three claims remaining in this matter. (Id. at CM/ECF pp. 20-22.) Specifically, the remaining claims are for violations of the Eighth Amendment due to denial of access to showers

---

[1]On May 12, 2008, Plaintiff filed a document titled "Complaint for Retaliation," which the Clerk of the court docketed as a Motion for an Order. (Filing No. 128.) The document seeks an order against several individuals who are not Defendants in this matter and relates to matters irrelevant to Plaintiff's remaining claims or to claims which have been dismissed. To the extent Plaintiff is seeking to amend his claims by filing his "Complaint for Retaliation," the Motion is denied. However, the court will deny the Motion without prejudice to reassertion of the claims in a new matter.

during lockdowns, denial of adequate and uncontaminated food, and exposing Plaintiff to severe cold and wind. (*Id.* at CM/ECF p. 21.) These claims are brought against Britten in both his individual and official capacities. However, Plaintiff seeks only monetary relief and does not seek any injunctive relief. (Filing No. 113 at CM/ECF p. 16.)

### *ANALYSIS*

**I.     Official Capacity Claims Against Britten**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie,* 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will

2

collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff seeks relief against Britten in both his individual and official capacities. (Filing No. 113 at CM/ECF p. 3.) However, Plaintiff seeks only monetary relief and does not seek any injunctive relief. (*Id.* at CM/ECF pp. 16-17.) As Warden of TSCI, Britten is a state employee. He therefore enjoys sovereign immunity from damages suits brought against him in his official capacity. There is nothing before the court showing that the State of Nebraska has waived this immunity. The claims against Britten in his official capacity must therefore be dismissed.

## II.     **Individual Capacity Claims Against Britten**

Plaintiff's claims against Britten in his individual capacity remain. However, Britten argues that these claims must also be dismissed because Plaintiff has failed to allege any "personal participation" by Britten resulting in the alleged violations. (Filing No. 130 at CM/ECF p. 3.) Britten is correct that *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997). However, a plaintiff need not show that a supervisor personally participated in the alleged violation if he can "allege and show . . . that the supervisor . . . had direct responsibility for the alleged violations." *McDowell v. Jones,* 990 F.2d 433, 435 (8th Cir. 1993). In addition, "a plaintiff

3

could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* (citing *Pool v. Missouri Dep't of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989). Therefore, where a plaintiff alleges that a warden or other supervisor is "responsible for the overall operation of" an institution and was "fully aware" of the alleged constitutional violations, the claims should not be dismissed. *Pool*, 883 F.2d at 645.

Here, Plaintiff's Amended Complaint does not allege a single action taken by Britten. Rather, Plaintiff's claims are apparently based on the more than 60 pages of attachments to the Amended Complaint, some of which were signed by, or otherwise relate to, Britten. (Filing No. 113 at CM/ECF pp. 18-74.) The documents attached to the Amended Complaint show that Britten is the Warden at TSCI. (*Id.*) Liberally construed, Britten is therefore "responsible for the overall operation of" TSCI. However, there is nothing in these attachments that show that Britten was "fully aware" of the alleged constitutional violations. Indeed, taking each of Plaintiff's remaining claims individually, Plaintiff has not alleged that Britten knew of or authorized the alleged unconstitutional acts.

With respect to Plaintiff's first claim, that he was denied showers and the ability to clean his room during lockdowns, Plaintiff has not set forth any allegations that Britten knew of these alleged acts. To the contrary, the relevant attachments show that Britten specifically permitted cell cleaning and showers, unless it was unsafe to permit such activities. (*See, e.g.,* Filing No. 113 at CM/ECF pp. 21-23, 25-27, 37-50.) Thus, while Plaintiff was notified that showers and cell cleaning would be available, he was allegedly unable to engage in these activities. However, there is no allegation in the Amended Complaint (including the attachments) that Britten was involved in, knew of, or authorized

the withholding of showers and cell cleaning from Plaintiff. This claim is therefore dismissed.

The same is true of Plaintiff's second and third claims. Although Plaintiff alleges that he is being denied adequate and uncontaminated food and shelter from severe cold and wind, there is nothing in the Amended Complaint alleging that Britten knew of these alleged constitutional violations. (*Id.* at CM/ECF p. 8.) Indeed, the allegations regarding food refer only to a "private company," and none of the allegations relating to either of these claims refer to Britten, or any other state official. (*Id.*) Plaintiff's Amended Complaint alleges nothing more than the fact that Britten is the Warden at TSCI. As set forth above, simply being responsible for an institution, without some knowledge or authorization of the alleged unlawful acts, does not adequately allege constitutional violations. Plaintiff's remaining claims against Britten in his individual capacity must therefore be dismissed.

IT IS THEREFORE ORDERED that:

1. Defendant Francis Britten's Motion to Dismiss (Filing No. 129) is granted. Plaintiff's claims against Defendant Francis Britten are dismissed without prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. Plaintiff's Complaint for Retaliation, construed as a Motion for An Order to Amend Complaint (Filing No. 128), is denied without prejudice to reassertion in a new complaint.

DATED this 2nd day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5